```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

VICTOR AREAN, et al.,

    Plaintiffs,

v.                           CASE NO:  8:10-cv-2244-T-33MAP

CENTRAL FLORIDA INVESTMENTS,
INC., CFI RESORT MANAGEMENT,
INC., CINNAMON COVE GP #26,
INC., and JENNIFER LACOUR

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Jennifer LaCour's Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss (Doc. # 59). Plaintiffs filed a response in opposition thereto (Doc. # 60). For the following reasons, the motion is denied.

**I.   Background**

Plaintiffs filed their Fourth Amended Complaint ("Complaint") on May 26, 2011 (Doc. # 57) against LaCour and three corporate entities, Central Florida Investments, Inc., CFI Resort Management, Inc., and Cinnamon Cove GP # 26, Inc. The Complaint includes five counts. Count I alleges a violation of the Fair Labor Standards Act ("FLSA"). Count II alleges sexual harassment pursuant to Title VII of the Civil

Rights Act of 1964. Count III alleges retaliation pursuant to Title VII. Count IV seeks relief for alleged sexual harassment under the Florida Civil Rights Act of 1992 ("FCRA"). Count V alleges retaliation pursuant to the FCRA. All the Counts are asserted against the three corporate entities. The only claim against LaCour is a violation of the FLSA contained in Count I.

In paragraphs 6, 7 and 8 of the facts section of the Complaint, Plaintiffs allege:

> 6. At all times material hereto, Plaintiffs were "employees" of the Defendants within the meaning of FLSA, Title VII, and the FCRA, and Defendant LaCour was the supervisor of the Plaintiffs.
>
> 7. At all times material hereto, Defendants were an "employer" within the meanings of the FLSA, Title VII and the FCRA (excluding Defendant LaCour).
>
> 8. Defendants continue to be an "employer" within the meaning of the FLSA, Title VII and the FCRA (excluding Defendant LaCour).

Doc. # 57.

In Count I (FLSA), paragraph 19 alleges:

> 19. Jennifer LaCour was the supervisor for Victor Arean.

Doc. # 57.

LaCour now moves for a judgment on the pleadings or to dismiss Count I with prejudice as a matter of law as to LaCour

2

because Plaintiffs have not alleged that LaCour was an employer as defined by the FLSA. Plaintiffs respond that, in paragraphs 7 and 8, they meant to indicate that LaCour was not an employer under the FCRA or Title VII as there is no individual liability under those laws. Plaintiffs argue that they did not intend to exclude LaCour from their FLSA claim.

## II. **Standard of Review**

Federal Rule of Civil Procedure 12(c) directs that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment for the moving party is appropriate only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Doe v. Board of County Comm'rs, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992). Allegations in the complaint must be accepted as true. Id. "When a motion filed pursuant to [Rule] 12(c) raises a [Rule] 12(b)(6) defense, the court should apply the same standard used to evaluate a [Rule] 12(b)(6) motion." Bryan Ashley Int'l, Inc. v. Shelby Williams Indus., Inc., 932 F. Supp. 290, 291 (S.D. Fla. 1996).

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth

3

Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In all, determining whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

**III. Discussion**

In an FLSA case, a plaintiff may seek to sue an

individual employer or multiple employers.  <u>Kendrick v. Eagle Int'l Group, LLC</u>, No. 08-80909-CIV, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009).  "The FLSA contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA."  <u>Id.</u> (citing <u>Falk v. Brennan</u>, 414 U.S. 190, 195 (1973)).  Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).

In the Complaint, Plaintiffs allege that "LaCour was the supervisor of the Plaintiffs" and "LaCour was the supervisor for Victor Arean."  (Doc. # 57 at ¶¶ 6 & 19).  These are the same allegations regarding LaCour's role as an employer that were contained in the Third Amended Complaint (Doc. # 30). LaCour filed an Answer in response to the Third Amended Complaint (Doc. # 34) and did not move to dismiss the identical allegations as insufficient when they appeared in the Third Amended Complaint.

Although paragraphs 7 and 8, appearing for the first time in the Fourth Amended Complaint, are inartfully pled, it is apparent, based on the previous complaints, that Plaintiffs are asserting that LaCour was an employer for purposes of the FLSA.  The Court finds that Plaintiffs have sufficiently

5

alleged that LaCour is an employer under the FLSA, and the motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Jennifer LaCour's Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss (Doc. # 59) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of December, 2011.

/s/ Virginia M. Hernandez Covington<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record