UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VICTOR AREAN,<br>DANA JACKSON,<br>and INGRID RIVERA on behalf<br>of themselves and all other similarly situated<br>individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL FLORIDA INVESTMENTS, INC.,<br>CFI RESORT MANAGEMENT INC.,<br>CINNAMON COVE GP #26, INC., and<br>JENNIFER LACOUR<br><br>Defendants. | Case No.: 8:10-cv-02244-VMC-MAP |

**MOTION FOR APPROVAL OF SETTLEMENT, and**

**MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiffs, INGRID RIVERA and ARIEL JIMENEZ, move the Court for approval of settlement in the above captioned matter and for an award of attorney's fees and costs. Plaintiffs acknowledge that the terms of the settlement agreement are mutually satisfactory and represent a fair and reasonable compromise of the overtime claims asserted by Plaintiffs.

**I.
PROCEDURAL BACKGROUND**

1.  **Almost two (2) years ago**, in March 2010, Plaintiff INGRID RIVERA submitted a pre-suit demand to Defendants alleging violations of the Fair

Labor Standards Act of 1938 as amended, 29 U.S.C. § 216(b) (hereafter referred to as "FLSA").

2. In April 2010, Plaintiff ARIEL JIMENEZ submitted a letter to Defendants and claimed overtime compensation pursuant to the FLSA.

3. Defendants denied the claims and, consequently, this case was filed in state court in September, 2010, and subsequently removed. *See* Complaint at Docket No. 2.

4. In October 2010, Defendants served their original Answer to Plaintiffs' Complaint and raised the following Affirmative Defenses (Docket No. 3):

    A. The Complaint fails to state a claim upon which relief can be granted under any theory of law.

    B. CFI pleads plead all applicable limitations periods, both as a bar to the claims and requests for relief asserted in the Complaint and as limitations upon evidence to be admitted or considered in connection with any proceedings in this case.

    C. Plaintiff was paid all monies legally owed to him.

    D. The doctrine of unclean hands bars this action.

    E. Any acts and or omission which may be found to be in violation of the rights afforded by the FLSA were not willfully committed and CFI acted with good faith at all times.

    F. Plaintiff was not employed by CFI. He was employed by Grace Properties 26, Ltd.

      G.      Hence, CFI was not Plaintiffs' employer.

      H.      CFI is not an employer as defined by the Fair Labor Standards Act ("FLSA").

      I.      CFI is not engaged in interstate commerce.

      J.      Plaintiff is not an employee as defined by the FLSA or is engaged in interstate commerce.

      K.      CFI is entitled to a set off.

      L.      Plaintiff is not entitled to overtime wages because he was exempted from overtime wages as permitted by the FLSA.

5. A Fourth Amended Complaint was filed on May 26, 2011, against Defendants Central Florida Investments, Inc., CFI Resort Management, Inc., Cinnamon Cove GP # 26, Inc., and Jennifer LaCour. *See* Fourth Amended Complaint at Docket No. 57.

6. The Amended Complaint included five counts. In Count I (asserted against all Defendants), all Plaintiffs alleged violations of the FLSA. In Count II, Plaintiff VICTOR AREAN alleged sexual harassment pursuant to Title VII of the Civil Rights Act of 1964 against all Defendants, except Jennifer LaCour. In Count III, Plaintiffs VICTOR AREAN and DANA JACKSON alleged retaliation pursuant to Title VII. Count IV sought relief for alleged sexual harassment under the Florida Civil Rights Act of 1992 ("FCRA"). Lastly, Count V alleged retaliation pursuant to the FCRA.

7. In June, 2011, Defendants served their Answer to Fourth Amended Complaint

and raised numerous Affirmative Defenses (Docket No. 58). Among them:

A. Defendants plead all applicable limitations periods, both as a bar to the claims and requests for relief asserted in the Complaint and as limitations upon evidence to be admitted or considered in connection with any proceedings in this case.

B. Neither Plaintiffs nor the putative class were employed by Defendants. They were employed by Grace Properties 26, Ltd.

C. Defendants were not Plaintiffs', or the putative class, employer.

D. Defendants are not employers as defined by the Fair Labor Standards Act ("FLSA").

E. Defendants are not engaged in interstate commerce.

F. Plaintiffs, and the putative class, were paid all monies legally owed to them.

G. Defendants are entitled to a set off against any monies due to Plaintiffs and or the putative class.

H. The claims of Plaintiffs or putative collective action participants may be barred, in whole or in part, by setoff or unjust enrichment.

I. Plaintiffs, or some of the opt-in Plaintiffs, are not entitled to overtime wages because they were exempted from overtime wages as permitted by the FLSA.

J.  Any acts and or omission which may be found to be in violation of the rights afforded by the FLSA were not willfully committed and Defendants acted with good faith at all times.

K.  Plaintiffs are precluded from pursuing FLSA violations on behalf of unnamed similarly situated individuals. 53. 29 U.S.C. § 216(b) clearly establishes that no employee shall be a party plaintiff in an FLSA suit, unless he or she gives his or her consent in writing and such consent is filed this Court. No such consent has been obtained from the unnamed similarly situated individuals for which Plaintiffs seek relief in their Amended Complaint. Plaintiffs lack standing to represent unnamed similarly situated individuals.

L.  Plaintiffs have unclean hands.

M.  Plaintiffs Arean and Jackson failed to state a claim upon which relief may be granted for retaliation under Title VII or the FCRA. Neither Plaintiff Arean nor Jackson engaged in a protected activity.

N.  Plaintiffs Arean and Jackson failed to suffer any adverse employment action.

O.  Plaintiffs cannot show a causal connection between the alleged protected activity and any adverse employment action against them. Defendants had non-pretextual reason to discharge Plaintiffs Arean and Jackson.

P. Plaintiffs Arean and Jackson lacked a good faith reasonable belief that Defendants were engaged in unlawful employment practices and a retaliation claim cannot lie under those circumstances.

Q. Plaintiffs Arean and Jackson failed to exhaust their administrative remedies and thus cannot obtain relief under Title VII or the FCRA.

R. Plaintiffs Arean and Jackson failed to timely file a Charge of Discrimination against the Defendants or their actual employers as required by Title VII and the FCRA.  Plaintiffs Arean's and Jackson's Charges of Discrimination were untimely and outside the statute of limitations prescribed by Title VII or the FCRA.

S. Plaintiff Arean's sexual harassment and retaliation claims, and Plaintiff Jackson's retaliation claim, are barred to the extent that they exceeded the scope of their Charges of Discrimination or to the extent that either withdrew their Charges of Discrimination.

T. Plaintiff Arean had a consensual relationship with the alleged offender; therefore, no illegal harassment could have occurred as a matter of law.

U. Defendants exercised reasonable care to prevent and correct sexual harassment and other illegal discrimination but Plaintiffs failed to avail themselves of this protection or failed to inform the Defendants of the alleged harassment.

    V. Plaintiffs Arean's and Jackson's Title VII and FCRA claims are barred to the extent that the evidence shows they engaged in misconduct prior to, during, or in connection with their employment, that otherwise would have resulted in their discharge if such conduct were then known to their employer.

    W. Plaintiffs Arean's and Jackson's Title VII and FCRA claims are barred, in whole or in part, to the extent that they failed to reasonably mitigate their damages.

    X. Some or all of Plaintiffs' claims may be barred, in whole or in part, by the doctrines of laches, estoppel, and/or waiver.

    Y. Defendants are not employers as defined by Title VII or the FCRA.

8. This case was not a simple FLSA case. There has been may disputed matters in this case and extensive discovery.

9. The discovery propounded by Plaintiff was specifically tailored to the matter and has been catalogued "expansive." *See* Order issued on January 11, 2012 at Docket No. 111.

10. Over ten (10) depositions were taken between Tampa and Orlando, Florida.

11. Each of the four plaintiffs served Requests for Admissions, Requests for Productions, and Interrogatories. Defendants also served Interrogatories and Requests for Production.

12. As to discovery disputes, Plaintiffs ongoing search for missing time cards and timesheets lasted for months due to Defendants evasiveness, as seen in the following sample chronology. *See* Motion to Compel, at Docket No. 63.

   A. On January 28, 2011 Plaintiffs informed Defendants that they failed to provide timesheets. Defendants agreed to produce "copies of the timesheets."

   B. By February, 2011 the parties had already discussed the timekeeping system utilized by Defendants during Plaintiffs' employment. Defendants appeared to have used a "punch card" system of timekeeping during 2007, 2008, and part of 2009. The system was allegedly changed to an electronic system (Kronos), on or about June 25, 2009.

   C. On March 28, 2011, April 5, 2011, and April 8, 2011, the Parties again conferred regarding missing punch cards.

   D. On June 15, 2011, Plaintiffs' counsel inquired about missing time cards.

   E. By June 22, 2011, Plaintiffs' counsel sent a follow up email regarding the missing information. Defendants essentially evaded the questions of the missing timecards.

   F. Since Defendants evaded the missing timecards inquiry, Plaintiffs again asked on August 22, 2011.

   G. Once again, Plaintiffs conferred on August 26, 2011.

    H. That same day, because the question of the missing time cards was still unanswered, Plaintiffs prepared a simple questionnaire to assess whether the missing timecards existed. Defendants never answered.

13. Note also that the issue of missing time cards and change in payroll system was further complicated by **multiple versions** of time keeping documents maintained by Defendants. That is, through the discovery efforts, it became evident that, **for years**, Defendants **simultaneously used different timekeeping systems** in which hours worked were either omitted or adjusted. Thousands of Plaintiffs' daily time entries (in different versions of time records) were analyzed and compared.

14. Another issue that added to the complexity of the case was Defendants' allegation as to the identity of Plaintiffs' employer. Defendants alleged that the employer was Grace Properties No. 26.  Notwithstanding, Central Florida Investments undoubtedly acted as an employer and even made appearances and documented representations as such. Grace Properties was dissolved after Plaintiffs' initial FLSA claim.  Due to the fact that it was highly unusual to have a sort of 'phantom' employer in an FLSA claim (whose employer status was unbeknownst to all Plaintiffs), abundant discovery pertained to this issue, as well as the relationship between: Westgate Resorts, Central Florida Investments, Inc., CFI Resort Management Inc., and Cinnamon Cove Gp #26, Inc.

15. The pleadings in this matter also reflected the efforts conducted, complexity, and hours worked.

   A. The Complaint was amended in October, 2010, November, 2010, January, 2011, and May 2011. *See* Dockets No. 4, 11, 30, and 57.

   B. In June, 2011 Defendant Jennifer LaCour unsuccessfully sought dismissal of the FLSA claim against her. *See* Motion for Judgment on the Pleadings or, in the alternative, Motion to Dismiss, and Order issued December 5, 2011, at Dockets No. 59 and 85, respectively.

   C. The parties answered Court Interrogatories and provided verified summaries pursuant to an FLSA scheduling order. *See* Dockets No. 12, 13, 14, 23, 24, 25, 28, and 35.

   D. Plaintiffs' filings included:

      i. Motion to Compel Defendants' Compliance with the FLSA Scheduling Order, prior to the mediation (to be held before November 18, 2011). *See* Docket No 63.

      ii. Motion to Compel, Response in Opposition to Defendants' Motion for Protective Order, Motion to Deem Requests for Admissions Admitted. *See* Docket No 63.

      iii. Motion for Protective Order regarding supoenas directed at Plaintiffs' former employers. *See* Docket No 74.

   E. Defendants' filings included:

      i. Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss by Jennifer LaCour. *See* Dockets No. 59.

      ii. Motion for Protective Order as it relates to certain topics designated in the corporate representative. *See* Dockets No. 70.

16. A mediation was conducted on November 11, 2011 and Plaintiffs INGRID RIVERA and ARIEL JIMENEZ settled their respective FLSA claims. *See* Mediation Report, at Docket No. 81.

17. The remaining two Plaintiffs, VICTOR AREAN and DANA JACKSON, did not reach a settlement with Defendants and the corresponding trial is currently scheduled for the weeks of May 7, 14, 21, and 29, 2012. *See* Case Management and Scheduling Order, Docket No. 53.

18. Plaintiffs INGRID RIVERA and ARIEL JIMENEZ executed Settlement Agreements in February, 2012, attached hereto as Exhibits A and B. The agreements included a fair and equitable resolution of a contested issue. Attorney's fees and costs were not negotiated independently.

19. The total settlement amount was $8,500.00 and it is itemized in the following table:

| Claims | Total | FLSA Back wages | FLSA Liquidated damages |
|---|---|---|---|
| Ingrid Rivera | $5,500.00 | $2,750.00 | $2,750.00 |
| Ariel Jimenez | $3,000.00 | $1,500.00 | $1,500.00 |

20. Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor,* 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled

or compromised only through judicial approval or that of the Secretary of Labor.

> Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1355(11th Cir. 1982).

21. Accordingly, Plaintiffs hereby request that the Court approve the terms of the settlement agreement in this matter.

22. This is clearly a situation in which the Court may allow Plaintiffs to settle and release the FLSA claims against Defendants.  The proposed settlement arises in an adversarial context which involves disputes over:

   A. the number of hours worked,

   B. the accuracy of Defendants' time records,

   C. travel time,

   D.  on call time,

   E. the use of compensatory time and/or time off *in lieu* of overtime compensation,

   F. set-off,

   G. employer status,

   H. joint employment, and

   I. simultaneous and incongruent timekeeping systems, among others.

23. Taking into account the disputed nature of the case and the number of hours claimed, a compromise was reached.

## II.
## THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE

24. Undoubtedly, this case is adversarial in nature (as described above). Defendants denied that Plaintiffs were owed overtime compensation and further alleged set-off.

25. The contentious nature of the claim is also evidenced by the fact that: a) parties conducted pre-suit negotiations since March/April, 2010, b) there were 115 Docket entries up to today, c) many discovery disputes arose, and d) there was even a controversy as to the 'real' employer, for FLSA purposes.

26. Plaintiffs recognize that the costs of litigating or defending the issues of travel time, compensable time, accuracy of time records, the use of compensatory time and/or time off *in lieu* of overtime compensation, on-call time, set-off, employer status, joint employer, simultaneous timekeeping systems, and hours worked will be exponentially greater that the amount at issue for their specific claims. Accordingly, Plaintiffs INGRID RIVERA and ARIEL JIMENEZ agreed to a settlement.

27. To assess the fairness and reasonability of the settlement, the following factors should be considered:

   A. The existence of fraud or collusion behind the settlement;

   B. The complexity, expense, and likely duration of the litigation;

    C. The stage of the proceedings and the amount of discovery completed;

    D. The probability of plaintiff's success on the merits;

    E. The range of possible recovery; and

    F. The opinions of the counsel and the substance and amount of opposition to the settlement. *See Dail v. George A. Arab Inc.*, 391 F.Supp.2d 1142, 1145 (M.D. Fla., 2005); *Leverso v. Southtrust Bank of Ala.,* 18 F.3d 1527, 1536 n.6 (11th Cir. 1994*).*

**The existence of fraud or collusion behind the settlement.**

28. This case has not presented indicia of fraud or collusion. During the litigation and settlement of this action, parties were represented by competent experienced counsel.

29. Plaintiffs and their counsel analyzed settlement figures and subsequently engaged in informed settlement discussions with Defendants.

30. Additionally, considering the disputed nature of the claim, FLSA issues at issue, the factual controversies involved, and the amount to be paid to Plaintiffs, there is no suggestion of collusion or fraud.

**The complexity, expense, and likely duration of the litigation.**
**The stage of the proceedings and the amount of discovery completed.**

31. Besides the issues discussed above relative to compensable time, travel time, on call time, joint employment, employer status, and the use of compensatory time and/or time off *in lieu* of overtime compensation, this case represented significant factual issues because there were limited records of hours worked, travel time, and on call time.

32. As to the duration of the litigation, it could have easily surpassed two years. Prior to settlement, Plaintiffs served Requests for Admissions, Interrogatories, and Requests for Production. Defendants served Requests for Production, and Interrogatories. More than ten depositions were taken and several subpoenas were issued.

**The probability of plaintiff's success on the merits.**

33. This case involved legal and factual disputes, as described above, and there were inherent risks associated with litigation.

**The range of possible recovery.**

34. This action involved a dispute as to the amount owed. Plaintiffs' probability of success on the merits was uncertain.

**The opinions of the counsel and the substance and amount of opposition to the settlement.**

35. During the litigation and settlement of this action, Plaintiffs were represented by experienced counsel. In their opinion, the costs and burden associated with further litigation should be avoided.

36. There is no opposition to the settlement agreement.

### III.
### ATTORNEYS' FEES AND COSTS

37. This was a proceeding to enforce the provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. The Fair Labor Standards Act authorizes an award of attorney's fees to the prevailing plaintiff in any proceeding to enforce its provisions. *See* 29 U.S.C. §216(b).

38. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court stated that "[the] most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

39. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). Counsel for prevailing plaintiffs should be paid as traditional attorneys are compensated by fee paying clients. *See Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989).

40. "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Notwithstanding, "it is perfectly proper to award attorney's fees based solely on affidavits in the record." *Id.*

41. In the captioned case, based on the case law and the attached reports and affidavits (Exhibits C through F), Plaintiffs request the Court to enter judgment against the Defendants for costs and attorneys' fees, as follows:

| | |
|---|---:|
| Costs | $2,785.73 |
| Fees (Luis Cabassa) <br>     117 hours at a rate of $350.00 | $40,950.00 |
| Fees (Cynthia Gonzalez) <br>     116.70 hours at a rate of $300.00 | $35,010.00 |
| Total | $78,745.73 |

42. The time recorded was reasonable and necessarily incurred in pursuit of the referenced case. An upward adjustment has not been sought. Furthermore, Plaintiffs' attorneys reviewed time records and eliminated any duplicate time entries between co-counsels, eliminated time entries for correspondence and emails between co-counsels, and prorated time entries that could not be specifically allocated to the settling Plaintiffs. That is, time entries for endeavors that benefited all plaintiffs (which were not Plaintiff-specific), were prorated between them.

43. Lastly, the billing rate sought by Plaintiff's attorneys is reasonable and customary. *See* Exhibits C, D, E, and F. As examples, the following recent motions, reports, and orders in FLSA cases litigated by Plaintiffs' attorneys are adopted by reference.

| Case | Title | Exhibit |
|---|---|---|
| Rodriguez, Jimmy *et al.* v. Skechers, USA, Case No. 6:11-CV-1219-Orl-36GJK | Joint Motion to Approve Settlement Date: 2/7/12 | G |
| Rodriguez, Jimmy *et al.* v. Skechers, USA, Case No. 6:11-CV-1219-Orl-36GJK | Report and Recommendation Date: 2/14/12 | H |
| Rodriguez, Jimmy *et al.* v. Skechers, USA, Case No. 6:11-CV-1219-Orl-36GJK | Order Date: 2/15/12 | I |
| Figueroa, Raymond *et al.* v. Richman Property, Case No. 8:10-CV-1672 | Joint Motion for Approval of Settlement Date: 5/5/11 | J |
| Figueroa, Raymond *et al.* v. Richman Property, Case No. 8:10-CV-1672 | Order Date 6/10/12 | K |
| Baker, Michael *et al.* v. Fidelity Mortgage, Case No. 8:10-cv-2596-T-24 | Order Date: 4/25/11 | L |
| Baker, Michael *et al.* v. Fidelity Mortgage, Case No. 8:10-cv-2596-T-24 | Default Judgment Date: 4/26/11 | M |
| Rodriguez, Wilfredo *et al.* v. Gulf, Case No. 8:10-cv-1120 | Joint Motion to Approve Settlement Date: 9/9/10 | N |
| Rodriguez, *Wilfredo et al*. v. Gulf, Case No. 8:10-cv-1120 | Order Date: 9/21/10 | O |

WHEREFORE, the Plaintiffs respectfully request that this Court approve the settlement, fees, and costs in the above matter.

RESPECTFULLY SUBMITTED, February 20, 2012.

s/ Luis A. Cabassa
**LUIS A. CABASSA**
Wenzel, Fenton, Cabassa, P.A.
1110 N. Florida Ave., Ste. 300
Tampa, FL 33602
Tel. (813) 224-0431/ Fax (813) 229-8712
E-mail: lcabassa@wfclaw.com

s/ Cynthia M. Gonzalez
**CYNTHIA M. GONZALEZ**
Florida Bar No. 53052
28870 US19 North, Suite 300
Clearwater, Florida 33761
Tel. (727)831-0009/Fax (866)593-6771
E-mail: cynthia@wagesdue.com