UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR AREAN, DANA JACKSON and
INGRID RIVERA on behalf of themselves
and all other similarly situated,

        Plaintiffs,

v.                                                                                      CASE NO.: 8:10-cv-02244-VMC-MAP

CENTRAL FLORIDA INVESTMENTS,
INC., CFI RESORT MANAGEMENT INC.,
CINNAMON COVE GP #26, INC., and
JENNIFER LACOUR,

        Defendants.

_____/

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO
PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND
MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Defendants CENTRAL FLORIDA INVESTMENTS, INC., CFI RESORTS MANAGEMENT, INC., CINNAMON COVE GP #26, INC., and JENNIFER LACOUR (collectively "CFI" or "Defendants"), hereby file this Motion to: (1) extend their deadline to respond to Plaintiffs' Motion for Approval of Settlement Agreements and Motion for Award of Attorney's Fees and Costs (the "Motion") until April 4, 2012; and, (2) ask that the Court hold the hearing on the Motion during the already scheduled April 10, 2012 pre-trial conference. Plaintiffs do not oppose extending Defendants' response deadline until March 20, 2012, however Plaintiffs oppose any further extensions, and moving the hearing date to April 10, 2012. But, as provided more fully below, Defendants' counsel is on the March 2012 trial docket in the Middle District, Orlando Division, in another matter, with a pre-trial conference now scheduled for March 6, 2012. That case involves twelve (12) Plaintiffs, and the trial is anticipated to last at

least 5 – 6 full days.  Thus, for that reason, and as discussed more fully below, Defendants respectfully request that the Court grant this Motion, allow Defendants until April 4, 2012 to respond to Plaintiffs' Motion, and that the Court hold the hearing on Plaintiffs' Motion during the already-scheduled April 10, 2012 pre-trial conference.

## SUPPORTING FACTS

1.     This was originally a four plaintiff case, with all four persons asserting overtime claims under the Fair Labor Standards Act ("FLSA"). On November 11, 2011 the parties participated in a mediation, which resulted in a settlement of Plaintiffs Ingrid Rivera's ("Rivera") and Ariel Jimenez's ("Jimenez") respective claims. (Doc. 81).  The only claims asserted by Rivera and Jimenez in this lawsuit have now been resolved by the parties but, because the claims arise under the FLSA, and, in accordance with the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Court must approve the settlement agreements.

2.     Plaintiffs submitted the Settlement Agreements to this Court for approval in a February 20, 2012 Motion styled "Motion to Approve Settlement, and Motion for an Award of Fees and Costs". (Doc. 116).  Defendants' current deadline to respond to the Motion is March 5, 2012.

3.     However, rather than asking for the Defendants' input prior to asking the Court to approve the parties' settlement agreements for Rivera and Jimenez, or making any attempt to confer with the Defendants whatsoever, Plaintiffs instead unilaterally submitted the Motion to the Court.  To further compound the problems created by this unilateral submission, as part of the Motion to Approve the Settlement Agreements, Plaintiffs improperly lumped their attorneys' fee petition and cost request into the same Motion, leaving Defendants in the untenable position

of having to file a response to the Motion, part of which they do not oppose, *i.e,* Plaintiffs'

request that the Court approve the parties' settlement agreements for Rivera and Jimenez, and

part of which they very much oppose, *i.e.*, Plaintiffs' counsel's request for nearly $76,000 in fees

and $2,875 in costs.

4.      Remarkably, Plaintiffs' fee request is comprised of approximately 118 pages,

including fourteen different exhibits, eight of which are Court orders from other cases, and a

purported expert's declaration on the fees sought.   In the fee request Plaintiffs are seeking an

astonishing 233.7 hours in fees for two FLSA claims in which the Plaintiffs recovered a total of

only $8,500, for a total fee request of nearly $75,960, and costs totaling $2,785.73.  Responding

to this fee request is going to take a considerable amount of time and resources, including

drafting the response, locating and hiring an expert, and scouring through Plaintiffs' counsel's

voluminous time records.

5.      The Court has not yet approved the parties' settlement agreements for Rivera or

Jimenez.  However, on February 22, 2012 the Court ordered the parties to attend a March 2,

2012 hearing on the Motion.  (Doc. 119).

6.      Plaintiffs' counsel, Luis A. Cabassa, requested that the Court move the hearing in

light of the fact that he was scheduled to be on a cruise on March 2, 2012.   (Doc. 120).

Defendants opposed moving the hearing because they disagreed with the manner in which

Plaintiffs had lumped what should have been a non-adversarial issue -- the Motion asking the

Court to approve the parties' settlement agreement -- with what was certain to be an issue

requiring litigation, namely Plaintiffs' fees and costs.  Defendants also opposed moving the

hearing because of several other critical upcoming commitments, including the previously-

mentioned twelve (12) plaintiff trial set for the March 2012 trial term in the Middle District.

3

7.      The Court granted Plaintiffs' counsel's request, and by Order dated February 26, 2012 the March 2, 2012 hearing was cancelled by the Court until further notice.  (Doc. 121).

8.      However, the undersigned counsel is currently preparing for the 12 plaintiff trial term discussed above.  Just today the undersigned learned that a mandatory pre-trial conference is scheduled for March 6, 2012 on that particular case.

9.      Furthermore, tomorrow Defendants' attorneys are scheduled to be in mediation, and have depositions scheduled for March 2, 7, 8 and 9, 2012, out of town hearings on at least two other days in March, along with several critical upcoming response deadlines.

10.     For these reasons, the undersigned counsel requests that this Court allow Defendants up until and including April 4, 2012 to respond to the Motion, and that the Court order the parties to attend the hearing on Plaintiffs' Motion on April 10, 2012, during the already-scheduled pre-trial conference.

11.     This short delay will not impact the proceedings in this case, or prejudice Plaintiffs.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Defendants' counsel conferred with opposing counsel and Plaintiffs do not oppose allowing Defendants up until March 20, 2012 to respond to the Motion.  Plaintiffs oppose the rest of this Motion.

Dated this 29th day of February, 2012.

Respectfully submitted,

GREENSPOON MARDER, P.A.
Attorneys for Defendants
201 East Pine Street, Suite 500
Orlando, FL 32801
(407) 425-6559
(407) 422-6583 (Fax)
richard.epstein@gmlaw.com
myrna.maysonet@gmlaw.com
brandon.hill@gmlaw.com

By: /s/ Brandon J. Hill
    RICHARD W. EPSTEIN
    Florida Bar No. 229091
    MYRNA L. MAYSONET
    Florida Bar No. 0429650
    BRANDON J. HILL
    Florida Bar No. 37061

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 29, 2012, a true and correct copy of the foregoing was presented to the Clerk to the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to Counsel of record.

By: /s/ Brandon J. Hill
    BRANDON J. HILL

8409531 v1