UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR AREAN, DANA JACKSON and
INGRID RIVERA on behalf of themselves
and all other similarly situated,

    Plaintiffs,

v.                                       CASE NO.: 8:10-cv-02244-VMC-MAP

CENTRAL FLORIDA INVESTMENTS,
INC., CFI RESORT MANAGEMENT INC.,
CINNAMON COVE GP #26, INC., and
JENNIFER LACOUR,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR A ONE DAY EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION AWARD OF ATTORNEYS' FEES AND COSTS AND MOTION TO ALLOW DEFENDANTS' FEE EXPERT TO APPEAR TELEPHONICALLY AT THE MARCH 27, 2012 HEARING**

    Defendants, CENTRAL FLORIDA INVESTMENTS, INC., CFI RESORTS MANAGEMENT, INC., CINNAMON COVE GP #26, INC., and JENNIFER LACOUR (collectively "CFI" or "Defendants"), hereby file this Motion to: (1) extend their deadline to respond to Plaintiffs' Motion for Approval of Settlement Agreements and Motion for Award of Attorney's Fees and Costs (the "Motion") by **one day** until March 23, 2012; and (2) allow Defendants' fee expert to appear telephonically at the hearing set by this Court for March 27, 2012. In support thereof Defendants state as follows:

    1.    This was originally a four plaintiff case, with all four persons asserting overtime claims under the Fair Labor Standards Act ("FLSA").[1] On November 11, 2011 the parties participated in a mediation, which resulted in a settlement of Plaintiffs Ingrid Rivera's ("Rivera")

---

[1] Plaintiffs Victor Arean and Dana Jackson have also asserted Title VII and Florida Civil Rights Act claims.

and Ariel Jimenez's ("Jimenez") respective claims. (Doc. 81). The only claims asserted by Rivera and Jimenez in this lawsuit have now been resolved by the parties but, because the claims arise under the FLSA, and, in accordance with the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Court must approve the settlement agreements.

2.   The Court originally scheduled the hearing on Plaintiffs' Motion for March 2, 2012. (Doc. 119). Plaintiffs' counsel was unavailable on March 2, 2012, and the Court granted a Motion filed by Plaintiffs to move the hearing to another date.

3.   On March 5, 2012 the Court granted Defendants an extension to their response deadline until March 26, 2011. (Doc. 123). Defendants requested the extension because of the excessive nature of the fees sought and records submitted by Plaintiffs, and because of the need to retain an expert to review and analyze the Plaintiffs' time entries and records.

4.   Defendants retained James F. Brown, Esquire, as their fee expert to assist in preparing Defendants' Response. Mr. Brown had a previously-scheduled vacation out of the State during the week beginning on March 19, but agreed to serve as Defendants' expert based on the Court's March 26, 2012 response deadline.

5.   On March 19, 2012 the Court subsequently scheduled the hearing on Plaintiffs' Motion for March 27, 2012 and also moved up Defendants' deadline to respond to Plaintiff's Motion for Fees by March 22, 2012, instead of March 26, 2012. (Doc. 124).

6.   While Defendants are diligently attempting to comply with the new deadline it appears that they will be unable to do so based on their expert's logistical issue presented by the shortened deadline. Mr. Brown is currently in North Carolina on vacation. Mr. Brown has agreed to adjust his schedule to immediately dedicate his time to this matter. Mr. Brown drove

2

50 miles from his vacation home in North Carolina to his firm's Spartanburg, South Carolina office to review documents and began drafting his fee affidavit, which will be filed in support of Defendants' Response. While he is making every effort to provide a draft to Defendants expeditiously, drafting his affidavit requires a considerable amount of time to scour through Plaintiffs' counsel's voluminous time records. And due to the remoteness of his location, it appears that an additional day may be necessary in order to finalize this matter.

7. This one day delay will not be prejudicial to any of the parties. Replies are not allowed in this district without leave of court. Plaintiffs will have Defendants' brief in response by Friday, March 23, 2012, with sufficient time to review and prepare for the hearing scheduled on the following Tuesday. The issues and arguments involved in this Motion, whether the hourly rate and hour spent in the case are reasonable, are fairly standard and the controlling law is quite settled.

8. As it relates to the hearing, Mr. Brown is scheduled to conduct labor negotiations in Lake Buena Vista, Florida beginning March 27, 2012 at 10 a.m. These negotiations are scheduled to last through March 29, 2012. Defendants therefore request that Mr. Brown be allowed to attend the March 27, 2012 hearing telephonically.

9. Allowing Mr. Brown to appear telephonically will in no way prejudice the Plaintiffs because he is not a fact witness to the claims at issue in this case. Instead, he is a well-known, highly respected member of the Florida Bar, who has been practicing before this Court since 1976. Plaintiffs will have ample time to review his affidavit prior to the March 27, 2012 hearing, and to question Mr. Brown at the hearing via telephone.

*WHEREFORE,* based on the foregoing reasons, Defendants request that Mr. Brown be allowed to appear telephonically at the March 27, 2012 hearing on Plaintiffs' Motion, and that Defendants' response deadline to Plaintiffs' Motion be extended by one day, making the new deadline March 23, 2012.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Defendants' counsel conferred with opposing counsel. Plaintiffs oppose the relief sought in this Motion.

Dated this 21st day of March, 2012.

Respectfully submitted,

GREENSPOON MARDER, P.A.
Attorneys for Defendants
201 East Pine Street, Suite 500
Orlando, FL 32801
(407) 425-6559
(407) 422-6583 (Fax)
richard.epstein@gmlaw.com
myrna.maysonet@gmlaw.com
brandon.hill@gmlaw.com

By: /s/ Brandon J. Hill
    RICHARD W. EPSTEIN
    Florida Bar No. 229091
    MYRNA L. MAYSONET
    Florida Bar No. 0429650
    BRANDON J. HILL
    Florida Bar No. 37061

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 21, 2012, a true and correct copy of the foregoing was presented to the Clerk to the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to Counsel of record.

By: /s/ Brandon J. Hill
BRANDON J. HILL

8703233 v1