UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR AREAN, ET AL.,

    Plaintiffs,
v.
                             CASE NO: 8:10-cv-2244-T-33MAP

CENTRAL FLORIDA INVESTMENTS, INC.,
ET AL.,

    Defendants.
_____/

### ORDER

This matter is before the Court pursuant to the parties' Joint Stipulation Resolving the Parties' Dispute Over Fees and Costs to Be Awarded to Plaintiffs Ingrid Rivera and Ariel Jimenez (Doc. # 132), filed on April 2, 2012. For the reasons that follow, the Court approves the stipulation and dismisses this case with prejudice as to Plaintiffs Ingrid Rivera and Ariel Jimenez.

**I.  Background**

Plaintiff Victor Arean filed his complaint in state court on September 3, 2010, alleging that defendant Central Florida Investments, Inc. failed to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (Doc. # 2). The case was removed to this Court on October 6, 2010. (Doc. # 1). An amended complaint was filed on October 14,

2010, which added Dana Jackson as a plaintiff and added CFI Resort Management, Inc., Cinnamon Cove GP # 26, Inc., and Jennifer LaCour as defendants. (Doc. # 4).  Plaintiffs filed a second amended complaint on November 8, 2010, which added Ingrid Rivera as a plaintiff to the FLSA count. (Doc. # 11). On January 18, 2011, Ariel Jimenez consented to join the action as an opt-in plaintiff to the FLSA count. (Doc. ## 11, 27).  The fourth amended complaint, filed on May 26, 2011, is now the operative complaint.  (Doc. # 57).

Following mediation on November 14, 2011, the mediator filed a report notifying the Court that Plaintiffs Rivera and Jimenez had reached a settlement. (Doc. # 81).  On February 20, 2012, Plaintiffs filed a motion for approval of the settlement agreements and a motion for award of attorneys' fees and costs. (Doc. # 116).  Defendants filed a response in opposition to the motion for attorneys' fees and costs on March 23, 2012 (Doc. # 127).

After conducting a hearing on the motions on March 27, 2012, the Court determined that the settlement agreements were fair and reasonable compromises of the parties' disputes and granted the motion for approval of the settlement agreements. (Doc. # 129).  The Court denied without prejudice the motion for attorneys' fees and costs, with leave to file an amended

motion on or before April 3, 2012. (Doc. # 129). On April 2, 2012, the parties submitted a joint stipulation notifying the Court that the parties had resolved the attorneys' fees and costs dispute and requesting the Court's approval of the fee settlement. (Doc. # 132).

## II. Analysis

Plaintiffs allege that the Defendants violated the terms of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Here, the parties reached a settlement wherein it was agreed that Rivera would receive $5,500.00 and Jimenez would receive $3,000.00 for unpaid wages and liquidated damages arising out of their FLSA claims. The Court approved those agreements on March 27, 2012. The parties have now reached an agreement regarding attorneys' fees and costs, pursuant to which, Plaintiffs' counsel, Wenzel Fenton Cabassa, P.A., will receive $18,000.00 in attorneys' fees and $1,500.00 in costs.

This Court is duty-bound to scrutinize the attorney's fees requested in this FLSA case as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009). There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 352.

This Court is afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

Upon due consideration of the aforementioned authorities, as well as the oft-cited factors set forth in Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) and Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974), the Court determines that the settlement reached regarding the attorneys' fees and costs is fair and reasonable. The issue of attorneys' fees was negotiated separately from the merits of Plaintiffs' unpaid wages. Further, the Defendants have agreed to the amount requested.

Accordingly, the Court approves the compromise reached by the parties in an effort to amicably settle this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Stipulation Resolving the Parties' Dispute Over Fees and Costs to Be Awarded to Plaintiffs Ingrid Rivera and Ariel Jimenez (Doc. # 132) is approved.

(2) Plaintiffs Rivera and Jimenez are awarded attorneys' fees in the amount of $18,000.00 and costs in the amount of $1,500.00.

(3) This case is dismissed with prejudice as to Plaintiffs Rivera and Jimenez.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of April, 2012.

                                      VIRGINIA M. HERNANDEZ COVINGTON
                                      UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record