UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR AREAN, ET AL.,

    Plaintiffs,
v.                                Case No. 8:10-cv-2244-T-33MAP

CENTRAL FLORIDA INVESTMENTS,
INC., ET AL.,

    Defendants.
_____/

## ORDER

This matter is before the Court pursuant to Plaintiffs' Notice of Settlement (Doc. # 141), filed on April 16, 2012. The Notice states that the parties have reached a settlement and "anticipate filing a Joint Motion for Approval of Settlement within the next few weeks." However, no such documents have yet been filed. As Plaintiffs seek relief under the Fair Labor Standards Act, additional information is needed before this Court can dispose of this case.

## Analysis

Plaintiff Victor Arean filed his complaint against Defendant Central Florida Investments, Inc., his employer, on September 3, 2010, (Doc. # 2), alleging that Defendant failed to pay overtime compensation in violation of the Fair Labor Standards Act. Plaintiff filed an amended complaint on October 14, 2010, which added Dana Jackson as a plaintiff to

the FLSA action and added the remaining Defendants. (Doc. # 4). Plaintiffs subsequently added additional claims for sexual harassment and retaliation, and the Court granted summary judgment in favor of Defendants on those claims on April 10, 2012. (Doc. # 136). On April 16, 2012, Plaintiffs filed the instant Notice indicating that the parties reached a settlement of Plaintiffs' remaining FLSA claims.

The Eleventh Circuit ruled in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982): "Congress made the FLSA's terms mandatory; thus, the provisions are not subject to negotiations or bargaining between employers and employees. FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purpose of the statute and thwart the legislative policies it was designed to effectuate." (internal citations omitted).

In Lynn's Food Store, the employer sought judicial approval of private agreements it entered into with its employees to settle FLSA violations. Pursuant to the settlement agreements, the employees waived their rights to file FLSA claims in exchange for a small fraction of the back wages that the Department of Labor concluded that the employees were owed. Specifically, the employer offered only $1,000.00 to be divided between fourteen employees. The

employees were not represented by counsel, and it was clear that the employees were not fairly compensated. Concerned about the unequal bargaining power between employers and employees, the Eleventh Circuit ruled that the agreements could not be approved absent supervision of the Department of Labor or a stipulated judgment entered by a court which has determined that the settlement is a fair and reasonable resolution of the FLSA claims. (citations omitted).

Thus, a compromise of an employee's FLSA rights through a settlement of a lawsuit is subject to judicial scrutiny. Id. However, as stated in Su v. Electronic Arts, Inc., 6:05-cv-131-Orl-28JGG, 2006 U.S. Dist. LEXIS 98894, at *8 (M.D. Fla. Aug. 29, 2007), "Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." (citing Mackenzie v. Kindred Hosps. E., LLC, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

The parties have yet to advise the Court of the terms of the settlement, including whether Plaintiffs were fully compensated for their hours worked, including overtime. Accordingly, within twenty days of the date of this Order, the parties shall file a motion for approval of the settlement of this case consistent with the authorities outlined above. The parties are advised that this Court will not accept a

generic motion devoid of relevant information about the settlement at issue. The motion for approval of the settlement shall contain specific information, including information about attorney's fees, to allow for meaningful Court review.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The parties are directed to file a detailed and specific motion for Court approval of the settlement of this Fair Labor Standards Act case within twenty days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>11th</u> day of May, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record