UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR AREAN, ET AL.,

   Plaintiffs,

v.

         CASE NO: 8:10-cv-2244-T-33MAP

CENTRAL FLORIDA INVESTMENTS, INC.,
ET AL.,

   Defendants.
_____/

**ORDER**

  This matter is before the Court pursuant to the parties' Joint Motion for Approval of Settlement Agreements and Dismissal with Prejudice (Doc. # 143), filed on May 15, 2012. For the reasons that follow, the Court grants the motion and dismisses this case with prejudice.

**I.** **Background**

  Plaintiff Victor Arean filed his complaint in state court on September 3, 2010, alleging that defendant Central Florida Investments, Inc. failed to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (Doc. # 2). The case was removed to this Court on October 6, 2010. (Doc. # 1). Plaintiff filed an amended complaint on October 14, 2010, which added Dana Jackson as a plaintiff to the FLSA action and added the remaining Defendants. (Doc. # 4).

Plaintiffs subsequently added additional claims for sexual harassment and retaliation, and the Court granted summary judgment in favor of Defendants on those claims on April 10, 2012. (Doc. # 136).  On April 16, 2012, Plaintiffs filed a Notice of Settlement indicating that the parties reached a settlement of Plaintiffs' remaining FLSA claims. (Doc. # 141). On May 15, 2012, the parties filed a joint motion requesting Court approval of the settlements. (Doc. # 143).

## II. <u>Analysis</u>

Plaintiffs allege that the Defendants violated the terms of the Fair Labor Standards Act.  Accordingly, any settlement reached between the parties is subject to judicial scrutiny. <u>See</u> <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982).  Here, the parties have reached a settlement wherein it is agreed that Plaintiff Victor Arean will receive $7,000.00 for unpaid wages and liquidated damages, Plaintiff Dana Jackson will receive $2,750.00 for unpaid wages and liquidated damages, and Plaintiffs' counsel, Wenzel Fenton Cabassa, P.A., will receive a combined total of $15,000.00 for attorneys' fees and costs.

This Court is duty-bound to scrutinize the attorneys' fees requested in this FLSA case as directed by the court in <u>Silva v. Miller</u>, 307 F. App'x 349 (11th Cir. 2009).  There,

the court explained:

> FLSA requires judicial review of the reasonableness
> of counsel's legal fees to assure both that counsel
> is compensated adequately and that no conflict of
> interest taints the amount the wronged employee
> recovers under a settlement agreement. FLSA
> provides for reasonable attorney's fees; the
> parties cannot contract in derogation of FLSA's
> provisions. To turn a blind eye to an agreed upon
> contingency fee in an amount greater than the
> amount determined to be reasonable after judicial
> scrutiny runs counter to FLSA's provisions for
> compensating the wronged employee.

Id. at 352.

This Court is afforded broad discretion in addressing attorneys' fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

Upon due consideration of the aforementioned authorities, as well as the oft-cited factors set forth in Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) and Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974), the Court determines that the settlements reached are fair and reasonable. The issue of attorneys' fees was negotiated separately from the merits of Plaintiffs' unpaid wages. Further, the Defendants agree to the amount requested.

-3-

Accordingly, the Court approves the compromises reached by the parties in an effort to amicably settle this case.  The settlements are fair and reasonable compromises of the parties' dispute, and the case is dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion for Approval of Settlement Agreements and Dismissal with Prejudice (Doc. # 143) is **GRANTED**.

(2) The parties' settlements are approved.  This case is dismissed with prejudice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of May, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record